Pedro J. Rodriques, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, Craig and MacPhail. Judge DiSalle did not participate.

*Pedro Juan Rodriques,* for himself, petitioner.

*Stephen J. Mascherino,* Assistant Attorney General, with him *Robert A. Greevy,* Assistant Attorney General and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 19, 1980:

This matter is before us on an application by the Pennsylvania Board of Probation and Parole (Board) for reconsideration pursuant to the order of this Court entered by President Judge BOWMAN on August 27, 1979.[1]

Our original opinion and order were filed July 6, 1979, 44 Pa. Commonwealth Ct. 68, 403 A.2d 184 (1979). That order sustained the Board's preliminary objection to the petition for review filed by Pedro J. Rodriques, but ordered the Board to modify its recomputation of Rodriques's sentence and to file an affidavit to assist us in determining whether Rodriques's detention time should be applied as a credit to his original or to his new sentence.

---

[1] The order directed the parties to file supplemental briefs. The petitioner has filed nothing. The Board has filed a "Notice of Reliance on Petition for Reargument.

Our original opinion sets forth the relevant facts. The sole issue raised in the Board's application is whether we erred in directing the Board to recompute Rodriques's original maximum sentence. We held that the Board erred when it extended that sentence by 16 months, 3 days when, in fact, Rodriques was on parole for less than a year.

Our original opinon indicates that Rodriques had "street time" from March 18, 1976 until December 22, 1976. There is no doubt that that time must be added to Defendant's original maximum sentence. The Board's affidavit filed pursuant to our order of July 6, 1979, indicates that bail was set for Rodriques, but he never posted bail. Therefore, Rodriques was not detained *solely* by reason of the Board's detainer and the provisions of *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978) became operative, *i.e.,* the detention time should be credited to the new sentence. This will also give effect to the direction of the trial judge, entered when the new sentence was imposed, that such sentence would be effective as of the date of Rodriques's arrest for that offense.

If credit is given to Rodriques on his new sentence for the detention time, then that same time cannot also be credited to his old sentence. By adding the detention time to defendant's old sentence, but giving him credit for the same time on his new sentence, the Board has fully complied with the law.

Except as herein set forth, we will affirm our previous opinion and order.

## ORDER

AND Now, this 19th day of February, 1980, the preliminary objection of the Pennsylvania Board of Probation and Parole to the Petition for Review of

Pedro J. Rodriques is hereby sustained and the Petition is accordingly dismissed.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.