532 A.2d 898

Gerald Fleegle, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 24, 1987, to President Judge Crumlish, Jr., Judge Doyle, and Senior Judge Kalish, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge Doyle, October 9, 1987:

Gerald Fleegle (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for recomputation of his backtime. We vacate and remand for further proceedings.

The facts are not in dispute. Petitioner was sentenced on July 12, 1982 to two, two-to-five year terms, for burglary. He was paroled from State Correctional Institution (SCI)-Rockview on March 22, 1985. Petitioner was subsequently arrested on December 4, 1985 and charged with driving under the influence of alcohol (DUI).[1] He was incarcerated in the Centre County Prison pending trial on this charge. He was never able to post bail. The Board filed its detainer the next day. On June 19, 1986 the Court of Common Pleas of Centre County sentenced the Petitioner in relevant part as follows:

. . . .

3. Undergo imprisonment in the Centre County Prison for a period of not less than Thirty (30) Days, nor more than Twelve (12) Months. Credit shall be given for time served from December 4, 1985 until January 2, 1986.

. . . .

You are paroled from this sentence effective January 2, 1986.

Petitioner remained in the Centre County Prison until he was transferred to SCI-Camp Hill on July 7, 1986.

On October 10, 1986 the Board reaffirmed a prior decision to recommit Petitioner as a technical parole violator to serve nine months backtime, and imposed three additional months of backtime upon Petitioner for his new conviction. The Board's decision set a re-parole date of June 19, 1987 and a new maximum backtime date of October 9, 1988. Petitioner's request for administrative relief was denied and this appeal followed.

---

[1] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. Since this was Petitioner's second offense for driving under the influence in seven years, he could not have been sentenced to less than thirty days in jail. 75 Pa. C. S. §3731(e)(1)(ii).

To best understand this case, it is necessary to discuss the fundamental conceptual difference between probation and parole. Parole is a conditional release from sentence. *Gasper v. Pennsylvania Board of Probation and Parole,* 37 Pa. Commonwealth Ct. 26, 388 A.2d 1139 (1978). Probation is a suspended sentence of incarceration served upon such terms and conditions as imposed by the sentencing court. *Commonwealth v. Walton,* 483 Pa. 588, 397 A.2d 1179 (1979).

In this case the trial judge ostensibly attempted to put Petitioner on county parole as of a date more than five months before he was sentenced. In other words, the trial judge attempted to put Petitioner on county parole "retroactively." It is abundantly clear in this case that, absent the "retroactive" parole, the Petitioner was entitled to credit toward his sentence on the DUI charge for time spent in custody prior to the imposition of sentence. Pa. R. Crim. P. 1406(b).[2] It is equally clear that Petitioner would not have been entitled to any credit for the time served for the same period toward his original sentence as he was unable to post bail. *Rodriques v. Pennsylvania Board of Probation and Parole,* 49 Pa. Commonwealth Ct. 355, 410 A.2d 1324 (1980). Furthermore, if Petitioner had not been convicted, or the trial judge had imposed upon Petitioner a maximum sentence less than the time served by Petitioner, such pre-trial custody would have been applied to Petitioner's original sentence. *Gaito v. Pennsylvania*

---

[2] Pa. R. Crim. P. 1406(b) states:

A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit . . . shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of the sentence.

*Board of Probation and Parole,* 488 Pa. 397, 404 n. 6, 412 A.2d 568, 571 n. 6 (1980).

The Petitioner contends that the trial court's sentence is lawful. The Board contends it is a nullity in its effect on Petitioner's backtime computation, since it is conceptually impossible to parole someone before the sentence from which they are paroled is imposed. The question of retroactive parole was recently considered in *Patrick v. Pennsylvania Board of Probation and Parole,* 110 Pa. Commonwealth Ct. 121, 532 A.2d 487 (1987). We held in *Patrick,* which we deem to be controlling here, that the common pleas court lacked authority to grant retroactive parole. Had we held otherwise, we would have allowed a trial court to permit a parolee to serve his parole backtime concurrent with his new sentence, although absent the "retroactive" parole, the parolee would not have been entitled to any credit against his backtime. *See Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983). *See also* Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a(a)[3] (new sentences and parole violation backtime must run consecutively). A trial court may not do indirectly that which it is prohibited from doing directly. *Patrick; Michel v. City of Bethlehem,* 84 Pa. Commonwealth Ct. 43, 478 A.2d 164 (1984).

Petitioner contends that the trial judge intended to allow him to use the period between January 2 and June 19 for credit against his parole backtime. This may well be true, but the only way such a sentence could have been effectuated was to sentence the Petitioner either to a maximum confinement of thirty days only, or to have placed Petitioner on *probation* for the period

---

[3] Section 21.1 was added by Section 5 of the Act of August 24, 1951, P.L. 1401.

between January 2 and the expiration of his sentence. This is because under the Sentencing Code,[4] a sentence of partial confinement followed by probation is permissible. *See* Sections 9722 and 9724 of the Sentencing Code, 42 Pa. C. S. §§9722, 9724.

We note, however, the Board did err in computing Petitioner's backtime. Appellant claims and the Board concedes that he should have been credited for the time he spent in Centre County Prison between the date of sentencing and the date he was taken to SCI-Camp Hill. *See Murray v. Jacobs,* 99 Pa. Commonwealth Ct. 39, 512 A.2d 785 (1986). Our review of the record in this case indicates that he received no credit for this period. Therefore, we remand this case to the Board for recomputation of Petitioner's backtime. Accordingly, the order of the Board denying administrative relief is hereby vacated and the case remanded for recomputation of Petitioner's backtime in conformity with this opinion.

ORDER

Now, October 9, 1987, the order of the Pennsylvania Board of Probation and Parole denying administrative relief is hereby vacated and the case remanded for recomputation in conformity with this opinion.

Jurisdiction is relinquished.

---

[4] The Sentencing Code, 42 Pa. C. S. §§9701-9781.