IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Mondelli,                        :
                    Petitioner          :
                                         :
            v.                           : No. 1122 C.D. 2015
                                         : Submitted: April 29, 2016
Pennsylvania Board of Probation          :
and Parole,                              :
                    Respondent           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: May 20, 2016


        Michael Mondelli (Parolee) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recommitting him as a convicted parole violator and recalculating his maximum release. We vacate and remand.


**I.**

        On May 16, 2013, Parolee was found guilty of burglary and sentenced to one-and-a-half to three years of imprisonment, with a minimum release date of May 17, 2014, and a maximum release date of November 17, 2015. Parolee was released on parole on May 19, 2014. Per special conditions of his parole, Parolee was to

report directly to Self Help Movement facility immediately upon release and remain there until discharged.

After Parolee left the Self Help Movement facility on July 16, 2014, and failed to return, the Board declared him delinquent. On July 23, 2014, Parolee was arrested for theft by unlawful taking, possessing an instrument of crime with intent, and criminal mischief. The Board lodged its detainer against him that day. Parolee was unable to post bond.

The Board recommitted Parolee as a technical parole violator and sentenced him to serve six months for changing his residence without permission and failing to successfully complete the Self Help Movement program. The Board recalculated his maximum release date to November 24, 2015.[1] On January 12, 2015, upon entering a guilty plea, Parolee was sentenced to serve concurrent three-to-six month terms in county prison, with immediate parole after serving three months and credit for time served.[2] Parolee was returned to a State Correctional Institution (SCI) on April 22, 2015.

## II.

The Board then issued Parolee a Notice of Charges and Hearing for a revocation hearing stemming from his new criminal convictions. Parolee signed a

---

[1] In its decision recommitting Parolee as a technical parole violator, the Board noted that his maximum date was subject to change if he were convicted of his outstanding criminal charges.

[2] Parolee was found guilty and sentenced for theft by unlawful taking and possessing an instrument of crime, with a determination of guilty without further penalty for criminal mischief.

Waiver of Revocation Hearing and Counsel/Admission Form, waiving his right to a revocation hearing and his right to counsel and admitting that he violated his parole by committing the crimes of theft by unlawful taking, possessing an instrument of crime, and criminal mischief. Accepting Parolee's admissions, the Board denied Parolee credit for time spent at liberty on parole and recommitted him as a convicted parole violator. The Board indicated in its hearing report that it would not grant Parolee credit by checking "No" next to "Credit time spent at liberty on parole." (Certified Record (C.R.) at 53.)

As a result, by decision mailed on May 12, 2015, the Board sentenced Parolee to serve nine months of backtime concurrently with the six months he was previously sentenced to for his technical parole violation. The Board recalculated his maximum release date to July 21, 2016. In arriving at the maximum release date of July 21, 2016, the Board did not credit Parolee for the time he spent at liberty on parole for the 547 days remaining on his sentence from the May 19, 2014 parole date to the original maximum release date of November 17, 2015. The Board did, however, credit him 91 days on his original sentence for the period he was incarcerated from July 23, 2014, to October 22, 2014, but not for the period from October 23, 2014, to January 12, 2015.

Parolee filed a *pro se* petition for administrative review objecting to the recalculation of his maximum sentence date of July 21, 2016, arguing that the period of time from October 22, 2014, to January 12, 2015, should be credited towards his backtime; that his backtime sentence should commence from April 12, 2015, when he

3

was paroled from his new sentence, and not April 22, 2015, the date of his return to an SCI; and that the Board lacks jurisdiction to extend his maximum date.

The Board denied Parolee's petition for administrative review, finding that he is not entitled to backtime credit, stating:

> You are not entitled to a back time served credit (i.e. time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated <u>solely</u> on the Board's warrant. *See Gaito v. P[ennsylvania] Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). You received back time credit from July 23, 2014 (date of Board's detainer) to October 22, 2014 (date prior to start date of your new sentence) or 91 days. This is because the Board's detainer was the sole source of your detention. Applying 91 days to 547 yields a total of 456 days owed (or 1 year, 3 months, 0 days). You became available to begin serving your back time on April 22, 2015 when you were released by Philadelphia County to Pennsylvania authorities. Adding 456 days to April 22, 2015 yields a new parole violation maximum date of July 21, 2016. Therefore, your parole violation maximum sentence date is correct.

(C.R. at 70.) The Board went on to state that as a convicted parole violator, he automatically forfeited credit for the time he spent at liberty on parole.

4

## III.

### A.

**1.**

On appeal,[3] Parolee challenges the Board's recalculation of his maximum release date. Specifically, he argues that the Board erred in not awarding him credit on his original sentence for the time he spent in custody from July 23, 2014 onwards, except for the three months that he was incarcerated on his new criminal charges.

The Prisons and Parole Code (Parole Code) instructs the Board on awarding recommitted technical parole violators credit, providing in pertinent part:

> (c) Technical violators.—
>
> (1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing….
>
> ***
>
> (2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing *but with no credit for*

---

[3] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

5

> *delinquent time and may be reentered to serve the remainder of the original sentence or sentences.*

61 Pa. C.S. §6138(c) (emphasis added).[4]

Time incarcerated shall be credited to a convicted parole violator's original term only when he remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted, the time period during which a parolee is incarcerated on both new criminal charges and the Board's detainer must apply to the new sentence. *Id.* Credit will only be applied to a parolee's original sentence when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, Parolee was initially paroled from his original sentence on May 19, 2014, with 547 days remaining on his sentence. He was declared delinquent by the Board on July 16, 2014. He was then detained on new criminal charges by the Board's detainer from July 23, 2014, to January 12, 2015, the date he was sentenced by the sentencing court for his new charges.[5] Finding October 23, 2014, to be the

---

[4] Section 6138(a) of the Parole Code directs that a parolee who is recommitted as a convicted parole violator must serve the remainder of the original term with no credit for the time at liberty on parole, unless the Board chooses to award credit. 61 Pa.C.S. §§6138(a)(2), (2.1).

[5] In its denial of Parolee's petition for administrative review, the Board noted that Parolee was placed into an SCI on September 3, 2014, which was in error, and the Board concedes in its **(Footnote continued on next page…)**

start date of his new sentence, the Board awarded Parolee 91 days of backtime credit from July 23, 2014, to October 22, 2014, but not for the period from October 23, 2014, to January 12, 2015. The Board calculated that he had 456 days left on his sentence.

The Board, without saying so, appears to be contending in its brief that its order was in error because Parolee was detained on *both* the Board's detainer and the sentencing court for the entire period from July 23, 2014, to January 12, 2015, thereby precluding him from receiving backtime credit for any of those 173 days because he was not held solely due to the Board's detainer. It contends now that Parolee has 547 days left to serve on his original sentence, not 456 as its order indicates, because credit for this time period must be applied to Parolee's new sentence, stating:

> In the current case, [Parolee] served 5 months and 20 days of a six-month sentence when he was sentenced on January 12, 2015. Although the Municipal Court states parole after three months, the earliest parole date the Board could accept based on this Court's precedent is the January 12, 2015 sentencing date. That is the date the Board seeks to use upon remand. Adding the 547 days [Parolee] had remaining to the January 12, 2015 availability date would yield a new max date of July 12, 2016. Therefore, the matter should be remanded to the Board to change [Parolee]'s max date from July 21, 2016 to July 12, 2016.

---

**(continued…)**

brief to this Court that Parolee "remained confined on both the new criminal charges and the [B]oard detainer from July 23, 2014 to January 15, 2015." (Respondent's Brief at 11.)

(Respondent's Brief at 14-15.)

In attempting to change its order, the Board correctly points out that we have held that sentencing courts lack authority to grant retroactive parole because the newly convicted parolee cannot be available to begin serving backtime on his original sentence any earlier than when his release under a new sentence is announced. *Banks v. Pennsylvania Board of Probation and Parole*, 928 A.2d 384, 386-87 (Pa. Cmwlth. 2007); *Fleegle v. Pennsylvania Board of Probation and Parole*, 532 A.2d 898, 900 (Pa. Cmwlth. 1987); *Patrick v. Pennsylvania Board of Probation and Parole*, 532 A.2d 487, 489 (Pa. Cmwlth. 1987). As such, the retroactive parole date has no legal effect on the Board's calculations involving the original state sentence and has no effect on the calculation of backtime.

The question then is can the Board reverse its own order seeking to change its administrative order which only the parolee has appealed. We addressed this issue in *Lord v. Pennsylvania Board of Probation and Parole*, 580 A.2d 463 (Pa. Cmwlth. 1990). In that case, by an order dated March 18, 1988, a parolee was granted reparole from his original sentence as of March 16, 1988. Because this order would wipe out backtime imposed, by order recorded July 18, 1988, the Board attempted to modify its March 18, 1988 grant of reparole by changing the reparole date to March 16, 1990. In addressing whether the Board could change a decision, we stated:

> Whether the Board may correct clerical errors in its orders is an issue which has arisen previously in several different contexts. In *Winters v. Pennsylvania Board of Probation and Parole*, … 518 A.2d 618 ([Pa.Cmwlth.]1986), *petition*

8

*for allowance of appeal denied*, … 536 A.2d 1335 ([Pa.]1987), we held that the Board could properly correct a previous order by shifting backtime from one sentence to another as long as the status quo, *i.e.*, the total amount of backtime to be served, remained the same. More recently, in *McFarland v. Pennsylvania Board of Probation and Parole*, … 569 A.2d 374 ([Pa.Cmwlth.]1989), we held that the Board could properly rescind an entry made by a staff technician erroneously closing McFarland's case because it is the Board, and not its staff, which has the authority to make parole decisions. As support for its holding, the *McFarland* Court relied on the following from our earlier decision in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, … 309 A.2d 165 ([Pa.Cmwlth.]1973):

> We firmly believe that an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions. . . . It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse itself on the substantive issues previously decided. On reconsideration, the party seeking the same bears the burden of proving his position or that circumstances have changed.

*Id.* at … 167. Finally, in *Murgerson v. Pennsylvania Board of Probation and Parole*, … 579 A.2d 1335 ([Pa.Cmwlth.]1990), we allowed the Board to correct a clerical error to properly reflect the total amount of backtime to be served where the error involved merely the Board's failure to add convicted violator and technical violator backtime together, and both were correctly reflected in the original order.

*Lord*, 580 A.2d at 465.

9

In this case, the Board never gave notice that it intended to essentially, by way of its brief, reissue an order that appears to be totally defective. What it intended to do in the brief filed in this case was to change the basis for its order. Because we cannot decide whether the error here was a clerical or mechanical error or just an error of law, we will remand the matter to the Board with instructions to hold a hearing to determine how the errors regarding the credit for presentence came about.

**2.**

Alternatively, Parolee argues that the Board's recalculation of his maximum sentence date constitutes an illegal extension of his judicially imposed sentence. Parolee contends that because the Board deemed April 22, 2015, and not January 12, 2015, as the date he became available to begin serving his backtime, "the Board is asserting that [Parolee's] new sentence, a judicially imposed 3-6 month sentence began on October 22, 2014 and ended on April 22, 2015" and, thus, "the Board decided to make [Parolee] serve the entire six months of his sentence, thereby countermanding the trial court's sentence which clearly indicated that he was to be paroled immediately after serving three months." (Petitioner's Brief at 15.) He argues that the Board lacks the power to recommit him beyond the parole maximum date set by this sentencing court because the Board does not have the power to alter a judicially imposed sentence.

In turn, the Board asserts that Parolee had to serve his new sentence first pursuant to Section 6138(a)(5)(iii)[6] of the Parole Code and was granted immediate parole after serving three months on the new sentence by the January 12, 2015 sentencing order. The Board furthers that "[b]ecause [Parolee] already had more than three months of time served on that sentence … he was effectively paroled from the new county sentence on the January 12, 2015 sentencing date. This would mean that [he] served 5 months and 20 days on the new sentence." (Respondent's Brief at 13-14.) As such, "[a]lthough the [sentencing court] states parole after three months, the earliest parole date the Board could accept … is the January 12, 2015 sentencing date."

---

[6] Section 6138(a)(5) directs the order in which a parolee must serve his sentence if a new sentence is imposed on him, providing:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) *In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.*

61 Pa. C.S. §6138(a)(5) (emphasis added).

11

While it would now accept January 12, 2015, as the earliest parole date, the Board's order states that Parolee would begin serving his backtime on April 22, 2015, when he was released by Philadelphia County to Pennsylvania authorities. Because the Board has now conceded that time should begin to run against the January 12, 2015 sentencing date, taking away the presentencing time that it awarded, the Board now states the July 21, 2016 maximum date is incorrect and requests that we remand so that it can amend the maximum date to July 12, 2016. The Board calculates this date by adding 547 days to January 12, 2015, and not the 456 days that it stated that Parolee owed on his original sentence in its order.

Back to the issue of whether the order constitutes an illegal extension of Parolee's judicially imposed sentence, a recommitted convicted parole violator must serve the remainder of his term that he had not yet served at the time of his parole unless the Board exercises discretion to award credit for time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2), (2.1).[7] In recommitting a convicted parole violator,

---

[7] Pursuant to Section 6138 of the Parole Code:

(a) Convicted violators.—

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been*

**(Footnote continued on next page…)**

12

the Board is not permitted to impose backtime which exceeds the entire remaining balance of the parolee's unexpired term; however, this Court has held that "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time." *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Board's extension of a parolee's maximum sentence date based on the length of time he was at liberty on parole is not an alteration of his judicially imposed sentence, but instead a requirement that he serve his full original sentence. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 845–48 (Pa. 1979). "The Board must clarify its order when it decides to recommit a parolee for the balance of his unexpired term." *Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (citation omitted).

---

**(continued…)**

> *granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole*.
>
> (2.1) *The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole*, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added).

**B.**

Parolee next contends that the Board erred and abused its discretion by not exercising discretion pursuant to Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), to determine whether he should be awarded credit for time spent at liberty on parole. Parolee does not dispute that the Board has the authority to deny him credit for time spent at liberty on parole under Section 6138(a)(2) of the Parole Code, but rather, that the Board failed to state its reasons for denying him credit pursuant to Section 6138(a)(2.1).

Recently, in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 609 (Pa. Cmwlth. 2016), (Pellegrini, J dissenting), this Court interpreted Section 6138(a) of the Parole Code as requiring the Board to exercise two acts of discretion. "First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit." *Id.*

The parolee in *Pittman* argued that the Board failed to exercise its discretion under Section 6138(a)(2.1), and that failure to consider whether he should be awarded credit for his time spent at liberty on parole was an abuse of discretion. *Id.* Reasoning that the hearing report only provided the Board with the choice to either award credit or not, with no further instructions regarding credit, this Court found that the Board exercised discretion when it completed the hearing report and denied the parolee credit for time spent at liberty on parole by checking "No" on the hearing report. *Id.* We further concluded that Section 6138(a)(2.1) contains no

14

statutory standards "that define or curtail how, when, or in what manner discretion should or must be exercised," and, as such, "there is no statutory basis upon which to find or infer that the Board must issue a statement of reasons for denying a [convicted parole violator] credit for time spent at liberty on parole under section 6138(a)(2.1) of the Parole Code." *Id.* at 611, 614.

In the instant case, as in *Pittman*, the hearing report presented "Yes" or "No" options for the Board to check in deciding whether to "Credit time spent at liberty on parole." In checking "No" and denying Parolee credit for time spent at liberty on parole, the Board exercised discretion and is not required to further explain its decision. *Pittman*, 131 A.3d at 614.

Accordingly, we vacate the Board's denial of Parolee's administrative appeal and remand to the Board to conduct proceedings consistent with this opinion.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Mondelli,                     :
                    Petitioner        :
                                      :
          v.                          : No. 1122 C.D. 2015
                                      :
Pennsylvania Board of Probation       :
and Parole,                           :
                    Respondent        :


# **O R D E R**


AND NOW, this 20<u>th</u> day of May, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of June 10, 2015, is vacated and the case is remanded to the Board for further proceedings consistent with the foregoing opinion.


          Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge