IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vernon Robinson,             :
              Petitioner    :
                              :
          v.               : No. 1124 C.D. 2024
                              : Submitted: September 9, 2025
Pennsylvania Parole Board,    :
              Respondent :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE WALLACE                      FILED: January 9, 2026

Vernon Robinson (Robinson) petitions for review of the Pennsylvania Parole Board's (Board) August 15, 2024 order (Order) which affirmed the Board's March 5, 2024 decision (Decision) recalculating Robinson's parole violation maximum sentence date and denying Robinson credit for time spent at liberty on parole as a convicted parole violator (CPV). After review, we affirm in part and vacate and remand in part.

## BACKGROUND

On January 13, 2009, the Board released Robinson on parole. Certified Record (C.R.) at 6. At the time of his release, Robinson had a maximum sentence date of September 13, 2013, and a remaining balance of 1,714 days on his sentence. *Id*. On April 15, 2013, the Board issued a warrant to commit and detain Robinson for a technical parole violation. *Id*. at 9. On April 26, 2013, the police charged Robinson with new criminal charges, and on April 29, 2013, following a preliminary

arraignment, Robinson, unable to post bail, was confined on the new charges. *Id*. at 23. On June 19, 2013, the Board issued its decision to detain Robinson pending disposition of the new criminal charges. *Id*. at 10. On July 11, 2013, Robinson pled guilty to the new charges and received a county sentence of incarceration for 4 months minimum to 12 months maximum. *Id*. at 27-28. On September 13, 2013, the Board issued a decision recommitting Robinson as a CPV to serve a total period of nine months of backtime, when available, pending completion of or parole from his county sentence. *Id*. at 74. On November 8, 2013, the common pleas court granted Robinson parole from his county sentence. *Id*. at 34. Rather than being returned to a state correctional institution to serve his period of backtime, Robinson was released to county probation supervision. *Id*.

On March 10, 2015, federal authorities arrested Robinson for federal drug-related charges, and the Board issued a warrant to commit and detain Robinson to secure his custody to address the Board's unexecuted order to recommit Robinson as a CPV.[1] *Id*. at 45, 48. On December 29, 2016, Robinson received a sentence on his federal charges of incarceration for 156 months, followed by 120 months of supervised release. *Id*. at 52. On February 27, 2018, the Board issued an additional warrant to be lodged as a detainer at the federal correctional institution where Robinson was confined. *Id*. at 57-58.

Federal authorities returned Robinson to Department of Corrections' custody on February 1, 2024. *Id*. at 76. The Board then issued its Decision, which recalculated Robinson's parole violation maximum sentence date as September 27,

---

[1] The Board's detainer keeps a parolee in custody while new criminal charges or parole violations are pending. *Kester v. Pa. Bd. of Prob. & Parole*, 609 A.2d 622 (Pa. Cmwlth. 1992). A detainer operates as a hold preventing the parolee from being released until the Board can address the new charges or violations. *Id*.

2

2028, and denied Robinson credit for time spent at liberty on parole. *Id*. at 78. On April 11, 2024, Robinson filed an administrative remedies form with the Board challenging the Board's recalculation of his maximum sentence date and its failure to provide a reason for its election not to award him credit for time spent at liberty on parole. *Id*. at 80-85. The Board issued its Order affirming its Decision. *Id*. at 88-89. In its Order, the Board explained its maximum sentence date calculation as follows:

> Robinson was paroled on January 13, 2009[,] with a max date of September 23, 2013. This left him with a total of 1714 days remaining on his sentence at the time of his parole. The Board's decision to recommit him as a [CPV] authorized the recalculation of his sentence to reflect that he received no credit for the time he was at liberty on parole. 61 Pa.C.S. § 6138(a)(2). In this case, the Board did not award credit for time at liberty on parole. This means there were 1714 days still remaining on his sentence, based on his recommitment.
>
> The Board lodged its detainer against him on April 15, 2013. He was arrested on April 29, 2013 for new criminal charges . . . . He did not post bail. He was sentenced on July 11, 2013 to 4 to 12 months to be served in the county. He was given back time credit from April 15, 2013 to April 29, 2013 for a total of 14 days. When you subtract 14 days, there were 1700 days still remaining on his sentence.
>
> The Prisons and Parole Code provides that [CPVs] who are paroled from a state correctional institution and then received a county sentence of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence. In this case, he was paroled from his county sentence on November 11, 2013. He served a federal sentence from November 11, 2013 to February 1, 2024. Therefore, his effective date of return is February 1, 2024 because that is when he was available to the Board. Adding 1700 days to that date yields a new maximum date of September 27, 2028.

*Id*. at 88-89. Regarding its reason for denying Robinson credit for time spent at liberty on parole, the Board noted it "did not have to provide a reason to deny him

3

credit for time spent at liberty because this time was subject to auto-forfeiture" and the Board was "authorized to deny him credit without providing a reason." *Id*. at 89.

Robinson now petitions this Court for review. Robinson argues the Board abused its discretion by failing to credit Robinson for all time credit to which he was entitled. Robinson's Br. at 4. Specifically, Robinson asserts he is entitled to credit for the time period between November 11, 2013, when he was released on county parole, and his arrival at a state correctional institution on February 1, 2024. *Id*. at 13. Robinson argues the Board had "no excuse for not seeking [Robinson's] arrest for the 9 months he served" on county supervision after his release from county incarceration. *Id*. at 21. Additionally, Robinson contends the Board failed to articulate a reason for denying the award of parole liberty credit as required. *Id*. In response, the Board asserts it correctly recalculated Robinson's maximum sentence date based on his recommitment as a CPV. Board's Br. at 2. The Board argues Robinson is not entitled to time credit for the period for which he was erroneously released on county parole because he was either not held in custody during that time or he was held in custody on both the Board warrant as well as his federal sentence. *Id*. at 12. Finally, regarding its reasons for denying Robinson credit for time spent at liberty on parole, the Board concedes it is required to provide its reasoning and asks this Court to remand this matter to the Board to give the Board an opportunity to provide its reason for denying Robinson time credit. *Id*.

## DISCUSSION

We review Board decisions to determine whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4

## *Credit Calculation*

First, we will address Robinson's argument that the Board abused its discretion by failing to credit Robinson for all time credit to which he was entitled. The Prisons and Parole Code (Parole Code) provides:

**(a) Convicted violators.--**

(1) The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.

(2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole . . . .

. . . .

(2.3) A parolee is at liberty on parole when the parolee is residing at a community corrections center, community corrections facility or group-based home for purposes of this section. This paragraph does not apply to parolees detained on the board's warrant or recommitted as a technical parole violator to a community corrections center or community corrections facility.

(3) The board may, in its discretion, reparole whenever, in its opinion, the best interests of the offender justify or require the offender's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby.

(4) The period for which the offender is required to serve shall be computed by the board and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender.

(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

(5.1) If the offender is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the offender shall serve the balance of the original term before serving the new term.

61 Pa.C.S. § 6138(a)(1)-(5) (emphasis added). In cases of CPVs, where a parolee commits additional offenses while on parole, our legislature has not defined the criteria for allocating credit for time served. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 303 (Pa. 2003). In the absence of legislative direction, courts have applied the statutory criteria for sentencing on new criminal charges under 42 Pa.C.S. § 9760. *Id*. This section provides, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent **in custody** as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for

6

the time spent **in custody** prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. § 9760(1) (emphasis added).

Although we lack legislative guidance, our case law on presentence credit is firmly established. When a parolee is "held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time he spent in custody shall be credited against his original sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, if a parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* While credit for time served is generally applied in situations where an individual is "in custody," in "very narrow circumstances," Pennsylvania courts have applied the doctrine of credit for time erroneously spent at liberty and determined that equitable factors may weigh in favor of awarding time credit despite an individual having not been "in custody." *Comrie v. Pa. Dep't of Corr.*, 142 A.3d 995, 1002-03 (Pa. Cmwlth. 2016).

For example, in *Commonwealth v. Kriston*, 588 A.2d 898 (Pa. 1991), the Pennsylvania Supreme Court concluded that, although a defendant who serves time on electronic home monitoring is generally not entitled to credit for time served, equitable considerations required the granting of credit. In coming to this conclusion, the Supreme Court explained:

> [The appellant] argues . . . he should . . . be granted credit for the time he served in the electronic home monitoring program. [The appellant's] argument is based upon the Commonwealth Court's decision in *Jacobs v. Robinson*, . . . 410 A.2d 959 ([Pa. Cmwlth. ]1980). In *Jacobs*, a convict was inadvertently released from prison because of a clerical error in recording his sentence. Upon his release, he came under the supervision of probation authorities. When the error was discovered,

the convict was taken back into custody. He was denied credit by prison authorities for the time he was at large in the community under supervision of probation authorities. The Commonwealth Court held, however, that credit towards his sentence must be afforded for the time that he was away from prison. It reasoned that a prisoner has a right to serve his sentence continuously rather than in installments, and that, inasmuch as the erroneous release was attributable to prison authorities rather than to any wrongdoing by the prisoner, the prisoner was entitled to credit for the time in question. We find this reasoning to be persuasive and, in the context of the present case, the considerations that favor granting credit are even stronger than in *Jacobs.*

Here, [the appellant's] release was the result of an erroneous understanding by prison authorities as to the manner in which a mandatory minimum sentence for driving under the influence of alcohol must be served. Before entering the electronic home monitoring program, [the appellant] was *assured* by prison authorities that time spent in the monitoring program would count towards his minimum sentence. Under these circumstances, denying [the appellant] credit for time served in home monitoring would constitute a manifest injustice.... [Thus, the appellant] should nevertheless have been given credit for time already spent in the home monitoring program.

*Kriston*, 588 A.2d at 901 (emphasis in original).

Robinson argues he is entitled to time credit against his original sentence for the time he was erroneously at liberty after his release from county incarceration to county probation. To support his position, Robinson relies on *Fleegle v. Pennsylvania Board of Probation and Parole*, 532 A.2d 898 (Pa. Cmwlth. 1987), and *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016). However, Robinson's reliance on these cases is misplaced as neither case is on point or directs that Robinson is entitled to time credit for time he was not in custody. In *Fleegle*, 532 A.2d at 899, this Court addressed a situation where a sentencing judge entered an order which simultaneously imposed a county sentence and granted parole from the county sentence retroactive to a date before the date of sentencing. We held the sentencing court lacked the legal authority to make

8

its grant of parole retroactive to a date before the date of the actual imposition of sentence. *Id*. at 900.

In *Fumea*, federal authorities arrested a parolee for wire fraud while he was on parole with the Board. *Id*. at 611. The parolee posted bond on his federal charges, and the Board detained the parolee pending disposition of those charges, but released him to the community after expiration of his maximum sentence. *Id*. A federal jury found the parolee guilty and, over a year later, the Board had an agent present at the parolee's sentencing. *Id*. On the date of the parolee's sentencing, the Board issued a warrant to detain the parolee but failed to take him into custody. *Id*. Instead, federal authorities took custody of the parolee. *Id*. Following his release from federal custody three years later, federal authorities returned the parolee to a state correctional institution (SCI). *Id*. This Court addressed whether the Board timely held the parolee's revocation hearing. *Id*. We noted the parolee became available to the Board upon his conviction in federal court and the Board had "actual knowledge" of the parolee's conviction because a Board agent was present at the sentencing hearing. *Id*. Moreover, the parolee was not in federal custody from the time of his guilty verdict until his sentencing hearing, so he was available to the Board at that time. *Id*. Accordingly, this Court held the Board could have taken the parolee into custody before or at his federal sentencing but did not. *Id*. As such, we concluded the Board erred by waiting to hold the parole revocation hearing until after the parolee completed his federal sentence and was returned to an SCI. *Id*.

In response to Robinson's argument that he is entitled to credit for the time spent erroneously at liberty, the Board cites *Sweeting v. Department of Corrections*,[2]

---

[2] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). The unreported cases herein are cited for their persuasive value.

(Pa. Cmwlth., No. 21 M.D. 2013, filed April 18, 2016), as persuasive authority because it addresses the doctrine of credit for time spent erroneously at liberty. In *Sweeting*, this Court considered an application for summary relief filed by DOC requesting dismissal of a petition for writ of mandamus filed by a parolee seeking to compel DOC and the Board to credit his current state sentence for the nearly seven years he spent at liberty. *Sweeting*, slip op. at 1. Initially, the parolee received two sentences which were to run consecutively. *Id*. However, DOC mistakenly released the parolee at the expiration of his first sentence because it was unaware of his second consecutive sentence. *Id*. Five years later, federal authorities detained the parolee on new charges and informed DOC the parolee had a state sentence he had not yet served. *Id*. In his petition seeking to compel DOC to recalculate his sentence and give him credit for the seven years he spent at liberty, the parolee asserted he was entitled to credit because of DOC's negligence in releasing him. In its application for relief, DOC argued the parolee was not entitled to credit for his time spent erroneously at liberty. *Id*. at 2. Relying on *Jacobs*, *Kriston*, and a more recent Pennsylvania Superior Court case, we explained:

> More recently, the Pennsylvania Superior Court addressed the issue of credit for time spent erroneously at liberty in *Commonwealth v. Martz, 42 A.3d 1142 (Pa. Super. 2012)*. In that case, DOC erroneously released Martz from prison at the conclusion of his four-year sentence because DOC was unaware that he had another consecutive sentence to serve. *Id*. at 1144. Martz was not placed on parole but was released from prison. *Id*. Nineteen months later, DOC realized its error, applied for a bench warrant, and detained Martz. *Id*. At the recommitment hearing, the trial court awarded Martz credit for his time spent erroneously at liberty, citing the "continuous sentence" principle. *Id*. at 1144-45.
>
> On appeal, the Superior Court reversed. The Superior Court began by noting that the doctrine of "credit for time served is generally reserved for situations where the defendant is 'in custody.'" *Id*. at 1145; *see* 42 Pa.C.S. § 9760(1). The Superior Court also examined prior

Pennsylvania cases applying the doctrine of credit for time spent erroneously at liberty, including *Jacobs* and *Kriston.* Although it acknowledged that Martz had a right to serve his sentence continuously, the Superior Court emphasized that Martz "remained completely free, without any restrictions, from the time he was erroneously released from prison until the time he was later detained." *Martz,* 42 A.3d at 1149. Moreover, the prison authorities never assured Martz that he would be credited for his time spent at liberty. *Id.* Therefore, the Superior Court concluded that, unlike *Jacobs* and *Kriston*, "there [were] no equitable concerns entitling [Martz] to credit for the time he was erroneously at liberty." *Id.*; *see also Commonwealth v. Blair*, 699 A.2d 738, 743-44 (Pa. Super. 1997) (holding that Blair, who was free on bond pending appeal and had not begun serving his sentence, was not entitled to credit for time spent erroneously at liberty, where Blair was truly free and was neither on probation, as in *Jacobs,* nor in a home monitoring program, as in *Kriston*).

*Id.* at 2-3. Accordingly, in *Martz*, the Superior Court concluded the parolee was not entitled to credit toward his state sentence and granted DOC's application and dismissed the parolee's petition. *Id*. at 3.

Here, when the Board released Robinson, he had 1,714 days remaining on his sentence and his maximum sentence date was September 13, 2013. There is no dispute Robinson was in custody on the Board's warrant from April 15, 2013, to April 29, 2013. Additionally, Robinson does not dispute that he failed to satisfy bail requirements on the new charges, as of April 29, 2013. Consistent with *Gaito's* requirements, the Board awarded Robinson credit for the 14 days the Board held Robinson exclusively on its warrant. Subtracting 14 days from the time remaining on Robinson's sentence resulted in 1,700 days Robinson still owed on his original sentence. Adding 1,700 days to Robinson's custody for return date of February 1, 2024, results in a parole violation maximum sentence date of September 27, 2028.

Following his county incarceration sentence, Robinson was erroneously released to county probation rather than to DOC custody. Robinson was not "in

11

custody" from the time he was released from county confinement until federal authorities later detained him. While our case law indicates a prisoner has the right to serve a sentence continuously rather than in installments, *see Jacobs* and *Kriston*, those cases are not applicable here. *Jacobs* and *Kriston* involved singular, continuous sentences interrupted by prison authorities' mistakes. Here, although authorities mistakenly released Robinson, he faced no interruption of a singular, continuous sentence. Robinson completed his county incarceration sentence. Robinson was then required to serve the backtime on his original sentence. Moreover, nothing in the record indicates Robinson received any assurances from anyone in the county or state that he would not have to return to the state to serve his time like the appellant in *Kriston*. Accordingly, the cases mandating application of the equitable doctrine of time credit for time spent erroneously at liberty are not applicable here. Indeed, we discern no equitable concerns entitling Robinson to credit for the time he was erroneously at liberty. The Pennsylvania Superior Court's observation in *Commonwealth v. Blair*, 699 A.2d 738 (Pa. Super. 1997),[3] is persuasive:

> We acknowledge the fact that [the appellant] failed to be incarcerated because of an error not his own. Further, [the appellant] did nothing to hinder the order to commence service of sentence. . . . [The appellant] claims he did not have knowledge, during the time period in question, that his judgment of sentence had been affirmed by this court. While we sympathize with [the appellant's] plight, we conclude, however, that these factors do not and cannot nullify any portion of [the appellant's] sentence of imprisonment. We will not allow the court system's inadvertent error to cancel any part of [the appellant's] punishment for the crimes for which he was justly convicted and sentenced. Society has an interest in knowing that its criminals are serving the punishment to

---

[3] Although Pennsylvania Superior Court decisions are not binding on this Court, they may provide persuasive authority where they address analogous legal issues. *DeSantis v. Lenox Place Condo. Ass'n, Inc.*, 316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024).

12

which they have been sentenced, regardless of any unintended delay or negligent error attributable to the government. The fact remains that, regardless of the delay, [the appellant] has not served the time he was so ordered to serve.

*Id*. at 743. Similarly, here, we see no reason to allow the system's error of releasing Robinson to county probation, when he should have been released to DOC custody, to cancel any part of his punishment. Regardless of the delay, Robinson has not served the time he was ordered to serve.

The Board properly awarded Robinson credit for all time served exclusively pursuant to the Board's warrant, and we discern no other credit for which Robinson is otherwise entitled under the law. Accordingly, we discern no abuse of discretion and affirm the Board's recalculation of Robinson's maximum sentence date.

### *Credit for Time Spent at Liberty on Parole*

Robinson further contends the Board failed to provide an adequate reason for refusing to award sentence credit for his time spent at liberty on parole and asks this Court to remand the matter to the Board. Under Section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1), the Board "may, in its discretion, award credit to a parolee . . . for the time spent at liberty on parole" except in limited circumstances. In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017), the Pennsylvania Supreme Court observed this section "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." However, the Court noted that in exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" explaining its reasoning. *Id*. at 475. While the Board's explanation need not be extensive, and a "single sentence explanation is likely sufficient in most instances," there must be enough information to allow the appellate court reviewing the matter to have a "method to assess the Board's exercise

13

of discretion." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018). Where the Board fails to provide an adequate reason for a determination to deny sentence credit for time spent at liberty on parole, the appropriate remedy is to allow the Board an opportunity to offer a reason for its decision. *Id*. at 651.

Here, the Board concedes it failed to provide the required reasons for denying Robinson credit for time spent at liberty on parole. Thus, the Board joins Robinson in his request that this Court remand the case to the Board for the purpose of giving the Board an opportunity to provide its reasons for denying Robinson credit for time spent at liberty on parole. We therefore conclude a remand to the Board is necessary for the limited purpose of allowing the Board to proffer its reason for denying sentence credit to Robinson for his time spent at liberty on parole. Accordingly, we vacate the Board's Order insofar as it denied Robinson credit for time spent at liberty on parole, and we remand to allow the Board to explain its exercise of discretion in its credit determination consistent with *Pittman's* requirements.

## CONCLUSION

Based on the foregoing discussion, we affirm the Board's denial of time credit for time Robinson erroneously spent at liberty after being released from county incarceration. We vacate the portion of the Board's order denying sentence credit for time Robinson spent at liberty on parole before his arrest on the new charges, and we remand this matter to the Board for statement of its reasons for denying sentence credit consistent with *Pittman's* requirements.

 

 

 

_____
STACY WALLACE, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vernon Robinson,  :
                Petitioner  :
                            :
      v.  : No. 1124 C.D. 2024
                            :
Pennsylvania Parole Board,  :
                Respondent  :

# **O R D E R**

**AND NOW**, this 9th day of January 2026, the August 15, 2024 order of the Pennsylvania Parole Board is **AFFIRMED IN PART**, as to the maximum sentence date recalculation, and **VACATED IN PART**, as to the credit for time spent at liberty on parole determination. The matter is **REMANDED** to the Board to explain its exercise of discretion in its credit determination as to the time Vernon Robinson spent at liberty on parole.

Jurisdiction relinquished.

 

                                        _____
                                        STACY WALLACE, Judge