## YORK SUBURBAN SCHOOL DISTRICT, Petitioner,

v.

## S. P., Parent and Natural Guardian of J. P., Respondent.

Commonwealth Court of Pennsylvania.

Argued April 7, 2005.

Decided April 29, 2005.

---

Jane M. Williams, New Britain, for petitioner.

Mark W. Voigt, Plymouth Meeting, for respondent.

BEFORE: COHN JUBELIRER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

York Suburban School District (District) petitions for review of an order of the Special Education Due Process Appeals Review Panel (Appeals Panel) which reversed a decision of a Special Education Hearing Officer (Hearing Officer), and found that J.P., (Student) was entitled to partial-grade-skipping placement and compensatory education.

Student is an elementary school girl who was identified by the District as a gifted student pursuant to Sections 1371 and 1372 of the Public School Code of 1949.[1] A gifted Individualized Education Program (IEP) was issued for her on April 7, 2003.[2]

Over the course of the 2003–04 school year, the District and S.P. (Parent), Student's mother, disagreed over Student's placement. During the 2003–04 school year, Student was enrolled in the third grade. However, following numerous IEP meetings and mediation, it was agreed that Student would be partially enrolled in the fourth grade.[3] The partial-grade-skipping began in January, 2004. Student completed the school year with high grades, and her grades did not decrease following the implementation of the partial-grade-skipping.

---

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 13–1371, 13–1372.

2. An IEP is a written education plan for the appropriate education of an exceptional student. 22 Pa.Code § 14.31(b).

3. The hearing officer determined that the partial-grade-skipping placement amounted to approximately 30%–40% of the school day.

IEP meetings then began for the 2004–05 school year. Parent requested that Student be placed in a homogeneous gifted class or a fifth grade class room. The District maintained the position that Student be enrolled in fourth grade. Accordingly, the instant dispute began.

Parent alleged that student was denied an appropriate education for the 2003–04 school year and, therefore, was entitled to compensatory education. Parent further disputed the appropriateness of the 2004–05 school year.

The hearing officer determined that Student did not receive an appropriate education from the start of the 2003 school year to December 1, 2003. He ordered compensatory education for this period at the rate of ninety minutes per day. However, he found that the partial-grade-skipping program offered for the second half of the school year was appropriate. As to the 2004–05 school year, the hearing officer determined it was appropriate for Student to return to fourth grade. He noted that she had not been in fourth grade for the first half of the year and that class lessons for the second half of the year need not be repeated, as they could be individualized to her needs.

Parent then appealed to the Appeals Panel. The Appeals Panel reversed the decision of the hearing officer. It held that the IEP for the 2003–04 school year was appropriate. However, the Appeals panel determined that it was improper for the District to remove the partial-grade-skipping provision from the IEP and determined that it should be reinstated. It was further ordered that the District provide compensatory education at sixty minutes per day from the start of the 2004–05

school year to the time of reinstituting said placement.

The District has now appealed the ruling of the Appeals Panel to this Court. The District alleges that the Appeals Panel erred in: (1) ordering the partial-grade-skipping placement of Student when the hearing officer's decision was supported by substantial evidence of record; and, (2) providing compensatory education to Student.[4]

■ The District is required to provide an education sufficient to confer an educational benefit upon the student and it must be "tailored to the child's unique needs by means of the IEP." *Daniel G.*, 813 A.2d at 39. Furthermore, the District is obligated to provide an adequate individualized program for each child placed in special education for the gifted. 22 Pa. Code §§ 14.1–14.2(d)(4)(8).

■ The District claims that the Appeals Panel erred as a matter of law in issuing a decision not based upon substantial evidence in the record as a whole. It is noted that the Appeals Panel, not the hearing officer, is the final arbitrator of fact and the Appeals Panel is obligated to make an independent review of the evidence. *Daniel G.*, 813 A.2d at 40, fn. 3.

The evidence presented to the hearing officer was that Student was integrated into the fourth grade for spelling, related arts and reading at the end of the 2003–04 school year. At that time, she was also integrated into fourth grade health, art, library, music and gym classes. The hearing was held on November 3, 2004. At that time, Student had begun the 2004–05 school year and she was attending all fourth grade level classes with no special instruction.

---

4. This Court's review of an order of the Appeals Panel is limited to a determination of whether the order is supported by substantial evidence, whether errors of law were committed or constitutional rights were violated. *Daniel G. v. Delaware Valley School District,* 813 A.2d 36 (Pa.Cmwlth.2002).

Nick Kenien, M.S., the school psychologist testified that when he evaluated Student on May 11, 2004, her reading accuracy and comprehension was at the sixth grade level. He also found the quality of her writing "exceptional." (R.R. at 136a). He opined that the IEP language arts goals for her 2004–05 school year were "muddy." R.R. at 137a. He explained that the IEP failed to set specific goals and explain how Student would be monitored.

Parent testified that when Student began the 2004–05 school year, Student received books and spelling lists for only the fourth grade level. Mr. Hare, a fourth grade teacher at the District, confirmed that Student was studying from a fourth grade level reading book and had not been presented with any higher level instruction textbooks. (R.R. 156a). He testified that Student would be repeating some of the same class work by remaining in the fourth grade. However, he claimed that the work could be individualized to her needs. He explained that in the prior year she studied Egypt with the class, and this year she would be doing the same, but she could go into more depth on the subject and learn different things. (R.R. at 151a). When asked if he had any lesson plans differentiating Student's study for Egypt, he stated that he did not.

The Appeals Panel found that the hearing officer's conclusions were contradictory. The hearing officer found that Student's IEP was inappropriate prior to her acceleration to fourth grade, but went on to conclude that it was also appropriate to stop her grade acceleration. The Appeals Panel concluded that the District unilaterally ended the partial-grade-skipping provision as to language arts classes without establishing why it was no longer appropriate.

The Appeals Panel further found that the IEP for the 2004–05 school year was markedly vague and failed to provide any information of how Student's proposed goals were to be implemented or met. (R.R. at 535–45). It concluded that Student, who had already excelled at fourth grade work at the highest possible level, was relegated to continue on in fourth grade, repeating all of the subjects already taken. It found that while the District claimed that individualized attention would be given, it fell woefully short of establishing it.

■ From a review of the record, we agree with the Appeals Panel that substantial evidence supports the decision that it was inappropriate for the District to remove the partial-grade-skipping provision from Student's IEP. It is undisputed that Student excelled following the adoption of the provision. Yet, the provision was removed without explanation by the District. Additionally, the District did not establish that it had met its obligations by providing an adequate individualized plan for Student for the 2004–05 school year. Student was provided with only fourth grade level books, and no attempt had been made to tailor her class work to her individual needs. Accordingly, the Appeals Panel did not err in reaching its decision.

The District also argues that the Appeals Panel erred in raising the issue of pendency *sua sponte.* The Appeals Panel noted that during the pendency of the outcome of the case, the District was obligated to maintain the status quo and continue the grade skipping because Parent had challenged the IEP. Nevertheless, the District enrolled Student in only fourth grade classes for the 2004–05 school year. The District claims that this issue was never raised before the hearing officer and it was improper for the Appeals Panel to raise it.

We need not address this issue as the Appeals Panel stated that it was inappro-

priate for the District to remove the partial-grade-skipping provision for two reasons, one being the substantial evidence of record and the other being the District's failure to maintain the status quo. As it has already been established that there was sufficient evidence of record for the Appeals Panel's decision, we need not decide whether or not this alternative reason was also valid.

 The District further argues that compensatory education should not have been awarded. However, the District does not challenge that actual award given. Instead, it argues that compensatory education should not have been awarded because it provided Student with an appropriate education program. As it has

been established by substantial evidence of record that the District failed to provide Student with an appropriate educational placement, it was not error for the Appeals Panel to award compensatory education. *Saucon Valley School District v. Robert O.*, 785 A.2d 1069 (Pa.Cmwlth. 2001). Accordingly, the order of the Special Education Due Process Appeals Review Panel is affirmed.[5]

## ORDER

AND NOW, this 29th day of April, 2005, the Order of the Special Education Due Process Appeals Review Panel is affirmed.

5. Counsel for Student/Parent claimed that this action should be deemed moot as Student was now enrolled in a charter school. However, pursuant to Section 1725–A(3) of the Public School Code of 1949, 24 P.S. § 17–1725–A(3), this Section was added by the Act of June 19, 1997, P.L. 225, *as amended*, a public school district of residence acts as the local education agency and is responsible for applying federal funds for special education services to resident students enrolled in a charter school. At oral argument, Counsel stated that Student was still a resident of the District. As such, this action is not moot.