**Marquis BANKS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2007.

Decided June 11, 2007.

Marquis Banks, petitioner, pro se.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Marquis Banks (Banks), representing himself, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) recommitting him to serve a total of 15 months' backtime as a technical and convicted parole violator. He argues the Board failed to credit his original state sentence with time served in a county prison on both a Board detainer and new charges while awaiting sentence on those charges. We affirm.

In 2002, Banks began serving a one year and six months to five year sentence for possession of drugs, aggravated assault, fleeing from police, and resisting arrest (original state sentence). The minimum and maximum expiration dates of the original state sentence were February 22, 2003, and August 22, 2006, respectively. On February 23, 2004, the Board paroled Banks to a community correction center.

On April 25, 2004, the Board declared Banks delinquent because he left the community correction center without permission. Exactly three months later, he was arrested for possession of drugs and resisting arrest, and was detained in the Montgomery County prison. The Board subsequently lodged a detainer against Banks pending disposition of the new charges and recommitted him to a state facility as a technical parole violator to serve 15 months' backtime, when available. Bail on the new charges was set, but because Banks did not post bail, he remained in county pre-sentence confinement for 534 days.

On January 10, 2006, Banks pled guilty to the new charges and, the Court of Common Pleas of Montgomery County (sentencing court) sentenced him to 11½ to 23 months on the new charges (new county sentence). Interestingly, the sentencing court *retroactively paroled Banks as of June 10, 2005.*

Based on his new conviction, the Board recommitted Banks as a convicted parole violator to serve 12 months' backtime, concurrent to the 15 months imposed for the technical violation. The Board also recalculated Banks' maximum state sentence date as July 9, 2008. Notably, this new

maximum state sentence date does not account for the period Banks served in county pre-sentence confinement while awaiting disposition of the new county charges.

Banks subsequently filed a petition for administrative relief. In his petition, Banks asserted that the Board erred in calculating his maximum state sentence by failing to credit his original state sentence for the period he served from June 10, 2005, the retroactive parole date on the new county sentence, to January 10, 2006, the date of his conviction on the new county charges. The Board denied relief because Banks was not available to begin serving backtime on his original state sentence until his new county sentence was entered.[1]

Banks also argued to the Board that the sentencing court did not credit his new county sentence for the period from June 10, 2005 to January 10, 2006. However, Banks did not offer any documentary proof to support this claim. The Board did not credit Banks' testimony, and it relied instead on the certified court record. Certified Record at 39.[2]

 Banks filed a petition for review with this Court, in which he raises the

same issues.[3] Banks' arguments lack merit for several reasons.

First and foremost, the structure of the new county sentence clearly reveals that Banks received credit for county pre-trial confinement toward his new county sentence of 11½ to 23 months. In particular, he was arrested on July 25, 2004, and he was "paroled" as of June 10, 2005. Under the new county sentence, Banks would not have been eligible for parole at that time unless he was afforded credit for time already served. Thus, the structure of the new county sentence discloses the intent that the effective date of the sentence was at the beginning of Banks' confinement. The structure also shows that the sentence affords credit for county confinement.

 Moreover, the retroactive parole date had no legal effect on the Board's calculations involving the original state sentence, because the sentencing court lacked authority to retroactively parole Banks. *Johnson v. Murray*, 888 A.2d 28 (Pa.Cmwlth.2005) (where a parolee is detained on new county charges and a Board detainer, a sentencing court lacks authority to parole the individual on a date prior to the sentencing date on the new charges); *Bailey v. Pa. Bd. of Prob. & Parole*, 140 Pa.Cmwlth. 108, 591 A.2d 778

---

1. The Board denied relief, concluding "[Banks] did not receive any backtime credit for the period ... from July 25, 2005 to January 10, 2006 because the record reflects that [he was] not confined solely on the Board's warrant during that period. Therefore, that credit must be applied to [Banks'] new sentence. [Banks] became available to begin serving [his] backtime on January 10, 2006, when ... the court sentenced and paroled [him] from [the] new sentence." Certified Record at 47 (citations omitted).

2. Banks raises the same argument before this Court, but he now offers an October 4, 2006, sentencing court order denying Banks' "Petition for Explanation of Sentencing Form," which Banks' appended to his brief. Banks'

Br. at 20. Because this order is not part of the certified record, by order dated February 26, 2007, this Court granted the Board's motion to strike the sentencing court's order, and, accordingly, it will not be considered on appeal. *See Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995) (appellate courts may only consider facts which have been duly certified in the record on appeal).

3. Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, or whether necessary findings of fact were supported by substantial evidence. *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28 (Pa.Cmwlth.2006).

(1991) (same); *Fleegle v. Pa. Bd. of Prob. & Parole,* 110 Pa.Cmwlth. 227, 532 A.2d 898 (1987) (same); *Patrick v. Pa. Bd. of Prob. & Parole,* 110 Pa.Cmwlth. 121, 532 A.2d 487 (1987) (same). This rule makes sense, because the newly convicted parolee cannot be available to begin serving backtime on his original sentence any earlier than when his release under a new sentence is announced.

In sum, the structure of the new county sentence indicates the intent that the effective date coincide with the onset of confinement. However, Banks did not become available to begin serving backtime on his original state sentence on the date of retroactive parole because a retroactive parole has no legal effect on availability to serve an existing state sentence. Instead, Banks continued to serve only his new county sentence until that sentence was actually pronounced.

Banks cites *Martin v. Pennsylvania Board of Probation and Parole,* 576 Pa. 588, 840 A.2d 299 (2003) and *Jones v. Pennsylvania Board of Probation and Parole,* 872 A.2d 1283 (Pa.Cmwlth.), *appeal denied,* 586 Pa. 731, 890 A.2d 1061 (2005). These cases collectively hold that where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. He also asserts the Board violated his due process rights by denying him the credit at issue. *Martin* and *Jones,* however, are inapplicable here.

In *Martin,* a parolee was arrested on new criminal charges and served approximately 13 months in pre-sentence confinement on the charges. Ultimately however, the parolee only received a 48–hour sentence on the new charges. Because the period served in pre-sentence confinement exceeded the sentence received on the new charges, our Supreme Court required the Board to credit the parolee's original sentence for the period served in pre-sentence confinement.

Unlike *Martin,* Banks' sentence on the new charges here exceeds the period served in pre-sentence confinement,[4] and Banks received credit for his confinement on the new charges. Also unlike *Martin,* the issue here involves credit after a retroactive parole. Thus, *Martin* is factually distinguishable.

In *Jones,* a delinquent parolee was arrested on a Board warrant. While held on the warrant, he was also arrested for a DUI offense which occurred several months earlier. He did not post bail on the new DUI charge. The parolee remained in custody for a period of 4 months and 17 days before sentencing. The parolee was sentenced to 48 hours to 12 months on the new DUI charge, and was ultimately paroled on the new sentence after 48 hours. Applying an "equitable treatment" standard derived from *Martin,* this Court required the Board to account for the full time spent in pre-trial confinement. *Jones,* 872 A.2d at 1285.

The *Jones* decision has been limited by other cases. Thus, as previously discussed, in *Johnson v. Murray,* 888 A.2d 28, and other cases, this Court held that where a parolee is detained on new county charges and a Board detainer, a sentencing court lacks authority to parole the individual on a date prior to the actual sentencing date on the new charges. Also, in *Armbruster v. Pennsylvania Board of*

---

4. Banks was confined on the new charges from July 25, 2004 to January 10, 2006, a period of 534 days. Banks received a maximum sentence on the new charges of 23 months, equivalent to 700 days. Thus, Banks received a sentence that exceeds the period of his pre-sentence confinement.

*Probation and Parole,* 919 A.2d 348 (Pa. Cmwlth.2007), this Court declined to apply *Jones* unless a parolee's new sentence was less than the time spent in custody awaiting trial.

More importantly from a legal perspective, the *Martin* and *Jones* decisions have been limited by the Supreme Court's recent holding in *Melhorn v. Pennsylvania Board of Probation and Parole,* 589 Pa. 250, 908 A.2d 266 (2006). This Court interprets the holding as follows:

> [W]here a parole violator is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration *exceeds* the maximum term of the new sentence, the credit must be applied to the offender's original sentence.

*Armbruster,* 919 A.2d at 355 (emphasis in original).

■ Here, Banks was held on both a Board detainer and new criminal charges. Ultimately, he was convicted on the new charges and received a new county sentence with a maximum term that exceeded his pre-trial confinement. He received credit for time served in county confinement on his new county sentence. Banks was not denied due process because he did not receive duplicate credit on his original state sentence. Based on the foregoing, we affirm.[5]

---

**5.** In a late filing, Banks sought permission to submit a supplemental brief and application for relief. The motion alleged that due to his self-representation, Banks failed to timely assert that the Board unconstitutionally altered his plea agreement on the new county sentence.

Banks failed to raise this issue before the Board; therefore, it is waived. *Reavis.* Accordingly, his request to submit a supplemental brief and application for relief is denied.

## ORDER

AND NOW, this 11th day of June, 2007, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED.** Petitioner, Marquis Banks' motion to submit a supplemental brief and application for relief is **DENIED.**

Moreover, the Board has no jurisdiction over Banks' new county sentence. Claims involving validity of the new county sentence must be submitted to the sentencing court or asserted on appeal. *Melhorn v. Pa. Bd. of Prob. & Parole,* 589 Pa. 250, 908 A.2d 266 (2006); *McCray v. Pa. Dep't of Corrections,* 582 Pa. 440, 872 A.2d 1127 (2005).