# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Hoffman, | : | |
|       Petitioner | : | |
| | : | |
|       v. | : | No. 17 C.D. 2018 |
| | : | Submitted: August 3, 2018 |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
|       Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: October 23, 2018

Michael Hoffman petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) that recommitted him as a convicted parole violator and recalculated his maximum sentence date. Hoffman argues that the Parole Board did not give him the credit he was owed towards his original sentence and, thus, erred in calculating his new maximum sentence date. For the reasons that follow, we affirm.

In 2012, Hoffman was sentenced to a total of two to eight years of incarceration (state sentence) for attempted burglary and a violation of probation. On July 13, 2015, Hoffman was paroled to a community corrections center in Philadelphia, Pennsylvania, but he failed to complete the program. On October 1, 2015, Hoffman fled from the parole office and was declared delinquent. On October 10, 2015, Hoffman was arrested on the Parole Board's warrant.

On November 23, 2015, the Parole Board recommitted Hoffman as a technical parole violator and reparoled him to an inpatient treatment program. It recomputed his maximum sentence date to June 10, 2019. Certified Record at 35 (C.R. __).

In the interim, the Lansdale Police Department filed criminal charges against Hoffman for theft and receipt of stolen property for an incident that had occurred in October of 2015, while he was delinquent on parole. C.R. 40-42. On December 16, 2015, following Hoffman's release on parole, the Lansdale Police Department arrested him on the new criminal charges. The Parole Board issued a warrant to commit and detain Hoffman for violating parole. On January 7, 2016, Hoffman was granted bail on the new criminal charges, but he remained detained as a result of the Parole Board's warrant.

On May 12, 2016, Hoffman pled guilty to theft and was sentenced to a term of imprisonment of time served to 23 months in the Montgomery County Correctional Facility (county sentence). C.R. 76. Hoffman received credit on his county sentence for time served from October 5, 2015, until January 1, 2016, on the Board's detainer.

On July 1, 2016, the Parole Board notified Hoffman of a parole revocation hearing based upon the Montgomery County theft conviction. Hoffman waived his right to a parole revocation hearing. On August 8, 2016, the Parole Board recommitted Hoffman as a convicted parole violator to serve six months of backtime, when available, pending parole from or completion of his county sentence.

On August 5, 2016, the trial court issued an order paroling Hoffman from his county sentence as of May 12, 2016. On August 31, 2016, the Parole Board

confirmed its recommitment of Hoffman as a convicted parole violator and recalculated his maximum sentence date as December 14, 2019.

Hoffman sought administrative review of the Parole Board's decision, contending that it erred because it did not give credit for the period of time between May 12, 2016, and August 5, 2016, when the trial court entered its parole order. The Parole Board denied Hoffman's request, holding that Hoffman was not entitled to credit on his state sentence for the period between May 12, 2016, and August 5, 2016, because he was serving his county sentence during that period.

On appeal,[1] Hoffman argues that the Parole Board erred. He argues that the trial court's parole order of August 5, 2016, was effective as of May 12, 2016. Accordingly, he is eligible for time served after that date. The Board responds that Hoffman continued to serve his county sentence until August 5, 2016.

We begin with a review of the relevant law. The Prisons and Parole Code, 61 Pa. C.S. §§101-6309, requires a convicted parole violator to serve his most recent sentence before he serves backtime. Section 6138(a)(5) of the Prisons and Parole Code states as follows:

> (a)  Convicted violators. –
>
> ***
>
> (5)  If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

---

[1] This Court's review is limited to determining whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

> (i)   If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, *the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed*.

61 Pa. C.S. §6138(a)(5) (emphasis added).

Here, Hoffman argues that he was paroled on May 12, 2016, because he was sentenced to "time served" to 23 months and was directed to register with adult probation to commence supervision. Hoffman Brief at 6, 9. Hoffman assumes the sentencing court's order of May 12, 2016, granted him immediate parole. It did not. In *Presley v. Pennsylvania Board of Probation and Parole*, 748 A.2d 791 (Pa. Cmwlth. 2000), this Court explained as follows:

> [P]risoners … have no absolute right to be paroled upon the expiration of his or her minimum term of the sentence. *Krantz v. Pennsylvania Board of Probation & Parole,* 86 Pa. Cmwlth. 38, 483 A.2d 1044 (1984). *The minimum sentence only establishes an eligibility date for a parole. Id.*

*Presley*, 748 A.2d at 794 (emphasis added). Thus, an order sentencing a prisoner to a minimum sentence of time served does not have the effect of ordering immediate parole. There must be a specific order of parole.

The May 12, 2016, sentencing order has no language granting parole. Likewise, the record does not contain a petition for parole or an order disposing of a

4

request for parole. *See* 42 Pa. C.S. §9776.[2] We conclude that Hoffman was not granted parole on May 12, 2016.

Hoffman next contends that the sentencing court's order of August 5, 2016, granted him parole as of May 12, 2016. However, sentencing courts lack authority to grant retroactive parole. *See Vann v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), slip op. at 12 (unreported)[3] (trial court cannot grant retroactive parole and, thus, parolee not entitled to credit for the time between the date he was sentenced to the date the trial court order granted parole); *Moyer v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1666 C.D. 2007, filed May 30, 2008), slip op. at 10 (unreported) (retroactive parole order is a nullity and, thus, parolee not entitled to credit for time prior to the grant of parole from the county sentence); *Banks v. Pennsylvania Board*

---

[2] Section 9776 of the Sentencing Code provides, in relevant part:

(a)  General rule.--Except as otherwise provided under this chapter or if the Pennsylvania Board of Probation and Parole has exclusive parole jurisdiction, a court of this Commonwealth or other court of record having jurisdiction may, after due hearing, release on parole an inmate in the county correctional institution of that judicial district.

(b)  Petition required.--No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted.

(c)  Hearing.--On presentation of the petition, the court shall fix a day for the hearing. A copy of the petition shall be served on the district attorney and prosecutor in the case at least ten days before the day fixed for the hearing. Proof of service on the district attorney and the prosecutor shall be produced at the hearing.

(d)  Order.--After the hearing, the court shall make such order as it may deem just and proper. In case the court paroles the inmate, it shall place the inmate in the charge of and under the supervision of a designated probation officer.

42 Pa. C.S. §9776(a)-(d).

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" 210 Pa. Code §69.414(a).

*of Probation and Parole*, 928 A.2d 384 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 936 A.2d 41 (Pa. 2007) ("retroactive parole has no legal effect on availability to serve an existing state sentence"). This Court has expressly explained that a newly convicted parolee is not available to begin serving backtime on his original sentence until his release from a new sentence is announced. *Banks*, 928 A.2d at 387.

Here, the sentencing court's August 5, 2016, order paroling Hoffman effective May 12, 2016, was a nullity because the court of common pleas did not have authority to issue it. Hoffman was paroled on August 5, 2016, the date the court issued the order granting him parole. Thus, Hoffman is not entitled to credit on his state sentence for the time between May 12, 2016, and August 5, 2016.

For these reasons, the Parole Board's calculation of Hoffman's maximum sentence date is correct,[4] and we affirm the Parole Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] When Hoffman was paroled on December 16, 2015, his maximum sentence date was June 10, 2019. Hoffman had 1,272 days remaining on his state sentence. Following his conviction for theft in May 2016, the Parole Board determined to recommit Hoffman as a convicted parole violator. The Parole Board did not award Hoffman credit for the time he spent at liberty on parole. *See* Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2) (a parolee is not entitled to credit for any time spent at liberty on parole, unless the Parole Board determines to grant the parolee credit). As a result, Hoffman did not receive credit for the time he was on parole from July 13, 2015, to October 1, 2015, or 80 days. Adding the 80 days to the 1,272 days, Hoffman had a total of 1,352 days remaining on his state sentence.

Hoffman did, however, receive credit on his state sentence for the time he spent incarcerated solely on the Parole Board's detainer from January 7, 2016, until May 12, 2016, or 126 days. After subtracting 126 days from 1,352 days, Hoffman had a total of 1,226 days remaining on his state sentence.

On August 5, 2016, Hoffman became available to commence service of his state sentence. Adding 1,226 days to August 5, 2016, results in a new maximum sentence date of December 14, 2019.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Hoffman,                    :
                Petitioner        :
                           :

       v.                          :   No. 17 C.D. 2018
                           :

Pennsylvania Board of              :
Probation and Parole,              :
                Respondent       :

## **O R D E R**

AND NOW, this 23rd day of October, 2018, the order of the Pennsylvania Board of Probation and Parole dated December 14, 2017, is hereby AFFIRMED.

                                   _____

                                   MARY HANNAH LEAVITT, President Judge