Alex Robert McGarvey,     :
     Petitioner    :
            :
   v.        :
            :
Pennsylvania Board of    :
Probation and Parole,    : No. 1178 C.D. 2019
     Respondent  : Submitted: June 5, 2020


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY        FILED: July 17, 2020

   Alex Robert McGarvey (McGarvey) petitions this Court for review of the Pennsylvania Board of Probation and Parole's[1] (Board) July 22, 2019 order denying his request for administrative relief. The sole issue before this Court is whether the Board used an incorrect parole date to calculate McGarvey's reparole and maximum sentence dates. After review, we affirm.

   McGarvey is currently an inmate at State Correctional Institution (SCI) – Dallas. On April 15, 2016, McGarvey was sentenced to 3 to 6 years of incarceration for violation of intermediate punishment, and robbery (Original Sentence). *See* Certified Record (C.R.) at 7. At that time, McGarvey's maximum sentence release

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

date was July 9, 2019. *See id.* On December 17, 2016, the Board paroled McGarvey from his Original Sentence. *See id.*

On September 21, 2017, a criminal complaint containing multiple charges was filed against McGarvey in Cumberland County (Cumberland County Charges). *See* C.R. at 12. On September 23, 2017, a criminal complaint containing multiple charges was filed against McGarvey in York County (York County Charges). *See* C.R. at 18. On September 29, 2017, the Board filed a detainer against McGarvey. *See* C.R. at 24. On November 1, 2017, the Board issued a decision to detain McGarvey pending disposition of the criminal charges. *See* C.R. at 28.

On April 17, 2018, McGarvey pled guilty to Theft by Unlawful Taking (Cumberland County Conviction) in the Cumberland County Common Pleas Court (Cumberland County trial court), and was sentenced to serve 9 to 23 months in the Cumberland County prison (Cumberland County Sentence). *See* C.R. at 29-30.

On May 1, 2018, the Board issued a notice of charges and hearing with respect to the Cumberland County Conviction. *See* C.R. at 31. McGarvey waived his right to a revocation hearing and his right to counsel and admitted to the Cumberland County Conviction. *See* C.R. at 32-33. On May 24, 2018, the Board denied McGarvey credit for time he spent at liberty on parole. *See* C.R. at 51. By June 22, 2018 decision, the Board recommitted McGarvey as a convicted parole violator (CPV) to serve 6 months of backtime for the Cumberland County Conviction. *See* C.R. at 52-53.

On July 6, 2018, McGarvey pled guilty to Access Device Issued to Another Who Did Not Authorize Use (York County Conviction) in the York County Common Pleas Court and was sentenced to 6 to 23 months of incarceration (York County Sentence). *See* C.R. at 56.

On August 8, 2018, the Board issued a notice of charges and hearing with respect to the York County Conviction. *See* C.R. at 60. McGarvey again

2

waived his right to a revocation hearing and his right to counsel and admitted to the York County Conviction. *See* C.R. at 59. On August 23, 2018, the Board denied McGarvey credit for time he spent at liberty on parole. *See* C.R. at 67. On October 17, 2018, the Board recommitted McGarvey as a CPV to serve 12 months of backtime for the York County Conviction.[2] *See* C.R. at 86-87.

On January 23, 2019, the Board paroled McGarvey from his York County Sentence. *See* C.R. at 89. On May 15, 2019, the Cumberland County trial court paroled McGarvey from his Cumberland County Sentence, but directed that his parole be retroactive to January 17, 2019 (Cumberland County Parole Order). *See* C.R. at 90.

On May 16, 2019, the Board issued a Recommitment Order calculating McGarvey's new maximum sentence date as May 18, 2021. *See* C.R. at 94-95. In reaching its decision, the Board considered that McGarvey had 934 days remaining on his Original Sentence when he was paroled on December 17, 2016. *See* C.R. at 92. The Board credited McGarvey with 200 days, which represents the period from September 29, 2017 (at which time McGarvey was held on the Board's detainer), to April 17, 2018 (at which time McGarvey pled guilty and was sentenced on his Cumberland County Charge). *See id.* Thus, applying the Board's credit, McGarvey had 734 days remaining on his Original Sentence. *See id.* The Board determined that McGarvey became available to begin serving his backtime on May 15, 2019 (the Cumberland County Parole Order date), rather than the January 17, 2019 effective date specified by the Cumberland County trial court. *See* C.R. at 92, 94. On May 30, 2019, McGarvey filed an Administrative Remedies Form, challenging the Board's time calculations. *See* C.R. at 96-112. On July 22, 2019, the Board affirmed its May

---

[2] The Board ordered that the imposed backtime for the Cumberland County Conviction and the York County Conviction were to run concurrently for a total of 12 months of backtime. *See* C.R. at 86.

16, 2019 Recommitment Order. *See* C.R. at 113-114. McGarvey appealed to this Court.[3]

McGarvey contends that the Board incorrectly calculated his reparole and maximum sentence dates because the Board based its calculations on the date the Cumberland County Parole Order was filed (May 15, 2019), rather than the effective parole date of January 17, 2019, as ordered therein.

This Court has stated: "Section 6138(a)(5) of the Prisons and Parole Code[4] [(Parole Code)] provides that once a parolee is recommitted as a [CPV], the original sentence and any new sentences must be served consecutively rather than concurrently. [*See*] 61 Pa.C.S. § 6138(a)(5). A 'sentencing judge has no authority to order' otherwise." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016) (quoting *Commonwealth v. Draper*, 293 A.2d 614, 615 (Pa. Super.

---

[3] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

[4] 61 Pa.C.S. § 6138(a)(5). Section 6138(a)(5) of the Parole Code provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

1972)); *see also Bailey v. Pa. Bd. of Prob. & Parole*, 591 A.2d 778 (Pa. Cmwlth. 1991).[5]

Further, in *Hoffman v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth. No. 17 C.D. 2018, filed October 23, 2018),[6] this Court recognized:

> [S]entencing courts lack authority to grant retroactive parole. *See Vann v. P[a.] B[d.] of Prob[. &] Parole* (Pa. Cmwlth.[] No. 1067 C.D. 2017, filed April 10, 2018), slip op. at 12 (unreported) (trial court cannot grant retroactive parole and, thus, parolee [is] not entitled to credit for the time between the date he was sentenced to the date the trial court order granted parole); *Moyer v. P[a.] B[d.] of Prob[. &] Parole* (Pa. Cmwlth.[] No. 1666 C.D. 2007, filed May 30, 2008), slip op. at 10 (unreported) (retroactive parole order is a nullity and, thus, parolee [is] not entitled to credit for time prior to the grant of parole from the county sentence); *Banks v. P[a.] B[d.] of Prob[. &] Parole*, 928 A.2d 384 (Pa. Cmwlth. [2007]) . . . ('retroactive parole has no legal effect on availability to serve an existing state sentence'). This Court has expressly explained that a newly convicted parolee is not available to begin serving backtime on his original sentence until his release from a new sentence is announced. *Banks*, 928 A.2d at 387.

*Hoffman*, slip op. at 5-6 (footnote omitted). Thus, "a common pleas court, through the use of retroactive parole, may not do indirectly what it is powerless to do directly; namely, make a portion of [a p]etitioner's Board imposed backtime run concurrently with a newly imposed county sentence." *Bailey*, 591 A.2d at 781.

In accordance with the Parole Code and the above-referenced case law, the Board properly recalculated McGarvey's maximum sentence date and reparole

---

[5] *Bailey* involved the application of what was commonly known as the Parole Act, Act of June 19, 1911, P.L. 1059, *as amended.* The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, when the statute was codified into the Parole Code, 61 Pa.C.S. §§101-6309.

[6] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Accordingly, the unreported opinions cited herein are cited for their persuasive value.

eligibility date based on the Cumberland County Parole Order date, rather than the Cumberland County trial court's retroactive effective parole date of January 17, 2019.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alex Robert McGarvey, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | No. 1178 C.D. 2019 |
| Respondent | : | |

# O R D E R

AND NOW, this 17th day of July, 2020, the Pennsylvania Board of Probation and Parole's July 22, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge