# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leverett Johnson,                                    :
                 Petitioner           :
                                        :
            v.                                  :   No.  1236 C.D. 2020
                                        :   Submitted:  May 7, 2021
Pennsylvania Parole Board,                      :
                 Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION
BY JUDGE CROMPTON                         FILED:  November 18, 2021


         Leverett Johnson (Johnson), who is represented by court-appointed counsel, petitions for review from a decision of the Pennsylvania Parole Board (Board) that denied him credit for time spent incarcerated, post-sentencing, from January 20, 2016, to February 11, 2016.  In his petition for review (Petition), Johnson alleges the Board improperly calculated his sentences so that he is serving consecutive time, and his maximum sentence date exceeds the time owed on his original sentence, also known as backtime.  Although there is no dispute that Johnson received no credit for this period of time served, he was not being held on the Board's detainer and so was not in the Board's legal custody to serve backtime. Upon review, we affirm the Board as the maximum sentence date reflects the backtime owed.

# I. Background

Initially, Johnson was sentenced to a 5- to 10-year sentence for multiple counts of robbery, with a maximum sentence date of November 12, 2014 (Original Sentence). On October 18, 2010, the Board granted Johnson conditional parole. Based on parole violations, the Board lodged a warrant to commit and detain Johnson on February 14, 2013. Johnson pled guilty to disorderly conduct six days later. He was recommitted as a technical parole violator (TPV) to serve six months backtime.

In August 2013, Johnson was released on automatic parole to an approved home plan. At that time, he had 455 days remaining on his Original Sentence. On September 20, 2014, he was declared delinquent for failing to report.

On October 4, 2014, Johnson was arrested in Allegheny County for: (1) Robbery-Inflict Serious Bodily Injury [felony of the first degree (F1)]; (2) Aggravated Assault (F1); and (3) Criminal Mischief [misdemeanor of the second degree (M2)] (Allegheny County Offenses, No. 13867-2014). Certified Record (C.R.) at 70-72. Johnson was charged with the offenses three days later; he did not post bail.

Also on October 4, 2014, Johnson was arrested on the Board's warrant to commit and detain him for parole violations. He waived his rights to a detention hearing and preliminary hearing. The Board detained Johnson pending disposition on his new charges on November 4, 2014, and revoked his parole. It recommitted Johnson as a TPV, to serve his unexpired term of 1 month, 23 days. As a result, his maximum sentence date was recalculated to November 26, 2014, adding the 14 days of parole delinquency. C.R. at 82. The Board lifted its detainer when the maximum sentence date on Johnson's TPV period passed on November 26, 2014.

2

In October 2015, Johnson pled guilty to the Allegheny County Offenses.[1] On January 20, 2016, Johnson was sentenced on the new charges to a term of 10 to 20 years in a state correctional institution (New Sentence). On February 11, 2016, the Board relodged its warrant to commit and detain Johnson for revocation proceedings. *See* C.R. at 86, 347.

On March 15, 2016, the Board voted to recommit Johnson as a convicted parole violator (CPV) based on his new convictions (Allegheny No. 13867). C.R. at 338-45. The order referred to the prior Board action of November 4, 2014 (that recommitted him as a TPV), recommitting Johnson to serve 3 years, 3 months, and 21 days as a CPV. The Board's order was issued on March 21, 2016, with a mailing date of April 18, 2016.

On May 18, 2016, Johnson timely submitted an administrative remedies form regarding the decision, challenging the credit calculation on various grounds. When he did not receive a response, in November 2016, Johnson inquired about the status. The Board did not respond until August 29, 2017, when it issued an interim decision explaining that an evidentiary hearing would be necessary to determine Johnson's credit eligibility for time spent in a halfway house. *See* Pet., Ex. C. The Board further advised that it needed the dates and location of the halfway house to proceed. *Id.* As such, the decision stated: "Because the evidentiary hearing is pending, the Board cannot render a final decision on the remaining claims raised regarding your max date." *Id*. In addition, the Board indicated that if it received no additional information, it would presume Johnson waived this claim and then respond based on the information of record.

---

[1] Johnson also pled guilty to a series of other offenses in Allegheny County (Additional Convictions). The Board opted not to hold a parole revocation hearing regarding the Additional Convictions.

Although Johnson wrote to the Board multiple times, and submitted the requested information, the Board did not respond. As a result, Johnson, through appointed counsel, asked the Board to render a decision on the matter based on his communications to the Board as of that date.

In April 2020, appointed counsel filed a petition in mandamus in this Court's original jurisdiction to ensure that Johnson's petition for administrative relief was addressed. *See Johnson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 563 M.D. 2020, filed Dec. 7, 2020). Thereafter, on October 23, 2020, the Board denied Johnson's request for relief in part and granted it in part to the extent that it sought a new maximum sentence date. The Board thus issued a modified order to recommit, stating that the unexpired term was 1 year, 2 months, and 26 days, which yielded a new maximum date of <u>May 8, 2017</u> (Recommitment Order).[2] Pet., Ex. D. The Recommitment Order identified the "custody return date" as February 11, 2016, the date the Board stated that it relodged its detainer for revocation proceedings to account for Johnson's status as a CPV. *Id.* In light of the Board's Recommitment Order, this Court dismissed the mandamus petition as moot.

Johnson petitions for review from the Recommitment Order.

## II. Discussion

On appeal,[3] Johnson asserts the Board erred in calculating his maximum sentence date because he did not receive credit for time served, post-

---

[2] The Recommitment Order also removed 757 days of prior liberty forfeited, corresponding to the period from January 19, 2011, to February 14, 2013, based on *Penjuke v. Pennsylvania Board of Probation & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020).

[3] Our review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 386 n.1 (Pa. Cmwlth. 2019).

4

sentencing, on *either* sentence. Johnson seeks credit for the period of incarceration when the Board revoked his parole from January 20, 2016, the date of sentencing on the New Sentence, through February 11, 2016, when the Board revoked his parole.

The Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§101-7301, provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime, may be recommitted as a CPV. *See* 61 Pa. C.S. §6138(a)(1). If a new sentence is imposed, a parolee must serve the balance of the original sentence prior to commencement of the new term. 61 Pa. C.S. §6138(a)(5)(i). Section 6138(a)(5)(i)-(iii) of the Parole Code provides, in pertinent part:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> ***
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5)(i), (iii).

An offender on state parole is in the legal custody of the Board until that offender completes the service of his maximum sentence or until the Board recommits the offender as a parole violator. 37 Pa. Code §63.2. If the offender is recommitted, he is returned to the jurisdiction of the Department of Corrections,

5

regardless of whether the recommitment is for a new sentence or to serve a period of backtime.

The entirety of the Board's reasoning as set forth in its brief for affirming its Recommitment Order is as follows:

> In this case, the Board paroled Johnson from an SCI, and Allegheny County sentenced him to a new term of incarceration in an SCI. The Board, in determining Johnson's custody for return date, notes that "[t]he period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4). In this case, Johnson's case could not be finalized until he was returned to the custody of the Board. This occurred when the Board relodged its warrant to commit and detain Johnson on February 11, 2016. (C.R. [at] 86). Adding 452 days to Feburayr [sic] 11, 2016, results in Johnson's new Original Sentence maximum date of May 8, 2017. (C.R. [at] 375-376). Therefore, the Board's decision should be affirmed.

Board's Br. at 13. It remains unclear why the Board did not relodge the detainer as of the date when Johnson was sentenced on the new charges. The Board's delay in relodging the detainer is unexplained.

Pursuant to our Supreme Court's decision in *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299, 304 (Pa. 2003), and this Court's decision in *Jones v. Pennsylvania Board of Probation and Parole*, 872 A.2d 1283 (Pa. Cmwlth.), *appeal denied*, 890 A.2d 1061 (Pa. 2005), where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. *See Melhorn v. Pa. Bd. of Prob. & Parole*, 908 A.2d 266 (Pa. 2006); *Banks v. Pa. Bd. of Prob. & Parole*, 928 A.2d 384, 387-88 (Pa. Cmwlth. 2007).

6

Here, there is no dispute that Johnson did not receive credit for the time served from January 20, 2016, to February 11, 2016. However, we are unpersuaded that the Board erred in not awarding credit for the period prior to relodging its detainer, bringing Johnson within the Board's legal custody.

With regard to presentence confinement, the Board credits the time served toward the original sentence if the parolee satisfies the bail requirements and remains confined only on the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted and the parolee is confined on both the new charges and the Board's warrant, the presentence time is applied to the new sentence, unless it is not possible to apply all of that time to the new sentence. *Martin*, 840 A.2d at 305, 309. Thus, if the new charges are withdrawn, the parolee is sentenced only to a period of time served, or the new sentence's maximum is less than the time spent in presentence confinement, credit for any excess time should be applied toward the original sentence. *Martin*, 840 A.2d at 308-09; *Armbruster*, 919 A.2d at 353-54 (Pa. Cmwlth. 2007); *see also Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 996 (Pa. Cmwlth. 2016) (date of sentencing on new charges and return to Board custody is when parolee became available to serve his original sentence).

Under *Gaito*, time incarcerated prior to sentencing shall be credited to a CPV's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. *Martin* created an exception to this rule to ensure the equitable crediting of time served so that it is accounted for in the new or the original sentence. Because presentence confinement time is not at issue, Johnson's reliance on *Martin* is misplaced.

7

In *Martin*, a parolee was incarcerated on both new criminal charges and the Board's warrant for 19 days. The parolee was sentenced to a term of two days followed by a period of probation. In recalculating his sentence, the Board did not award any credit for his *presentence* confinement because he was not confined solely on the Board's detainer. On appeal, the parolee asserted the excess custody time (17 days) must be credited toward his original sentence. *Id.*; *see also Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019).

Ultimately, our Supreme Court agreed, reasoning that presentence credit should be applied equitably. *Martin*, 840 A.2d at 309. It held "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.*

However, unlike the situation in *Martin* or similar cases applying equitable credit, Johnson does not seek pre-sentencing credit. Rather, he seeks credit for the period between the imposition of the new sentence and the date of parole revocation. *Barnes*, 203 A.3d at 394. *Cf. Hammonds* (parolee did not assert that time for which he sought credit was not credited towards his new sentence).

This Court has held that the requirement that a CPV serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980); *see also Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996) (holding that where the Board recommits a CPV to serve the balance of the original sentence before beginning service of a new term, the prisoner's backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole).

8

Therefore, "credit for time a CPV spends in custody between imposition of a new sentence and revocation of parole[4] must be applied to the new sentence." *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995).

In *Martin*, our Supreme Court explained that "the considerations relevant to the award of credit are just and equitable in nature" and that "[u]nique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit." *Id.* at 308. According to the Court, decision-making regarding the allocation of credit is "particularly suited to a discretionary framework with guidelines to ensure equitable treatment." *Id.* Therefore, the Court held that "where an offender is incarcerated <u>on both a Board detainer **and** new criminal charges</u>, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.* at 309 (emphasis added).

In requesting credit for the 22-day period on his Original Sentence, Johnson disregards that he was not held on the Board's detainer because the Board did not lodge the detainer until February 11, 2016. Because he did not become available to serve the Original Sentence until that date, the Board did not err in calculating his maximum sentence date by adding the balance of his term (452 days) to that availability date, yielding the May 8, 2017 maximum sentence date.

The Board here noted that under Section 6138(a)(5) of the Parole Code, CPVs "who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original

---

[4] Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV. *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *see also Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (same).

9

sentence first," but that "this provision does not take effect until the parolee is recommitted" as a CPV. *Id.*; *see also Campbell.*

Parolees generally do not become eligible to serve backtime on their original sentences until parole is revoked by the Board, *see Campbell*, 409 A.2d at 982, or a detainer is lodged by the Board. Here, the detainer was not lodged by the Board until February 11, 2016, so Johnson's incarceration prior to the detainer was solely based on the new convictions. *Barnes*. Any credit for time spent in custody post-sentencing will be calculated by the Department of Corrections and credited to the new sentence.

### III. Conclusion

For the foregoing reasons, we affirm the Board.

_____
J. ANDREW CROMPTON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leverett Johnson,               :
              Petitioner    :
                           :
       v.                :   No.  1236 C.D. 2020
                           :
Pennsylvania Parole Board,  :
              Respondent  :

## **O R D E R**

**AND NOW**, this 18th day of November 2021, the decision of the Pennsylvania Parole Board is AFFIRMED.

_____
J. ANDREW CROMPTON, Judge